IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Case No. 3:17-CR-00262-N |
| | § | |
| JOHNATHAN DANIEL PARIS (5) | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Johnathan Daniel Paris's *pro se* motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018, S.3747 115th Congress [243].  Because the Court determines that Paris has not provided extraordinary and compelling reasons warranting compassionate release, the Court denies Paris's motion.

### I. BACKGROUND REGARDING PARIS'S ORIGINAL SENTENCE

Paris was charged with and pled guilty to possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  On May 14, 2018, the Court sentenced Paris to 188 months of imprisonment, 3 years of supervised release, and a $100 assessment.  According to the Bureau of Prison's (the "BOP") inmate locator, Paris is currently 42 years old and presently confined within the BOP at the Forrest City Low FCI.[1]  His projected release date is October 2030.

---

[1] The BOP's inmate locator website is available at https://www.bop.gov/inmateloc/ (last accessed June 22, 2020).

MEMORANDUM OPINION AND ORDER – PAGE 1

## II. LEGAL STANDARD FOR COMPASSIONATE RELEASE

A district court has limited authority to modify a final criminal judgment. *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582, a court may modify a defendant's sentence upon motion of the Director of the BOP or upon motion of the defendant. 18 U.S.C. § 3582(c)(1)(A).

First, a prisoner must fully exhaust all administrative remedies, meaning a court can evaluate a motion after a defendant fully exhausts "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* Section 3582(c)(1)(A)'s exhaustion requirement is a "glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by the BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). But "several courts have concluded that [the § 3582(c)(1)(A) exhaustion] requirement is not absolute and that it can be waived by the government or the court, therefore justifying an exception to the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J. concurring) (collecting cases).

After fully exhausting the defendant's administrative remedies and upon the defendant's motion, a court may modify the defendant's sentence after considering the factors set forth in 18 U.S.C. 3553(a), "if extraordinary and compelling reasons warrant

such a reduction." *United States v. Chambliss*, 948 F.3d 692, 692–93 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

The policy statement applicable to compassionate release "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'"[2] *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(1)(A) & cmt. n.1 (U.S. SENTENCING COMM'N 2018) [hereinafter "U.S.S.G"]). Extraordinary and compelling reasons include the "medical condition of the defendant," the "age of the defendant," and the defendant's "family circumstances." U.S.S.G. § 1B1.13 & cmt. n.1. The policy statement also includes a catch-all provision for when "there exists . . . an extraordinary and compelling reason other than, or in combination with," the other listed reasons. *Id.*

When evaluating a defendant's medical conditions, the Court must consider whether the inmate is suffering from serious physical, medical, functional, or cognitive impairment or experiencing deteriorating physical or mental health due to aging "that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *Id.* § 1B1.13 & cmt. n.1(A). Specifically, some courts have found that a particular prisoner's compromised health in light of a substantial likelihood that, should he contract COVID-19, he may not recover,

---

[2] The policy statement applicable to compassionate release has not been amended since the First Step Act expanded who may request relief under section 3582(c)(1)(A). Courts in this district have recently concluded that courts should consider section 1B1.13 and apply with discretion when considering a section 3582(c)(1)(A) motion in light of the COVID-19 pandemic. *See, e.g.*, *United States v. Foots*, 2020 WL 3129647, at *3 (N.D. Tex. June 12, 2020) (Boyle, J.).

MEMORANDUM OPINION AND ORDER – PAGE 3

warrants a reduction under the compassionate release statute. *See, e.g.*, Order at 8, *United States v. Lee*, No. 3:07-CR-289-M-2 (N.D. Tex. Apr. 23, 2020) (Lynn, C.J.) (noting that the defendant's age and "preexisting medical conditions – asthma, bronchitis, and hypertension – and his recent hospitalization for breathing complications, combined with the rapid spread of COVID-19 at FCI Oakdale" presented an extraordinary and compelling reason for release). However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597.

### III. THE COURT DENIES PARIS'S MOTION

The Court holds that Paris's motion fails to identify extraordinary and compelling reasons warranting release. Paris seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A). He alleges that he suffers from asthma, chronic obstructive pulmonary disease ("COPD"), post-traumatic stress disorder ("PTSD"), and bipolar disorder. Mot. Modification Sentence Under 18 U.S.C. §3582(c)(1)(A)(i) and the First Step Act 2018, S.3747 115th Congress ("Paris's Mot.") 5 [243]. He also mentions that he recently underwent surgery on his clavicle, and he needs surgery to correct a torn rotator cuff. *Id.* Paris further states that he suffers from mental health issues because in December 2018, he states his son-in-law murdered his daughter, and his child and his granddaughter were placed in state custody. *Id.* In addition to his medical concerns, Paris argues that he should

not have been sentenced as a "career" criminal based on changes in case law, and he had insufficient counsel because his attorney was not licensed to practice in Texas. *Id.* at 4.

In response, the Government states that Paris does not have underlying conditions that would create an increased risk to COVID-19. Amended Resp. Def.'s Mot. Compassionate Release ("Gov.'s Resp.") 5–6 [245]. Additionally, the Government states that Paris is recovering well from his surgery, and his surgery does not increase his susceptibility to COVID-19. *Id.* at 3, 5–6.

First, the Court assumes for the purpose of this motion that Paris has fully exhausted his administrative remedies. Paris explains that he filed a request seeking a reduction of his sentence with the warden on March 28, 2020, and Paris states he did not receive a response from the warden. Paris's Mot. 6. However, the Government contends that Paris filed his request on March 30, 2020 and that the warden denied his request on April 20, 2020. Gov.'s Resp. 2. Neither party provided documentation regarding the warden's decision.[3] While the record is unclear, the Court assumes that Paris fully exhausted his administrative remedies.

However, the Court denies Paris's motion because Paris does not provide extraordinary and compelling reasons regarding his medical conditions. While Paris alleged a list of medical conditions, Paris has not provided any documentation or medical

---

[3] Paris provides documentation of the BOP's denial of his request for release, but it is unclear when Paris submitted this request. Def.'s Reply Gov.'s Resp. Def.'s Mot. Compassionate Release ("Paris's Reply") 5 [247]. While unclear, the denial appears to be dated January 18, 2020, so for the purposes of this motion, the Court does not consider this a response to Paris's most recent request.

MEMORANDUM OPINION AND ORDER – PAGE 5

records. *See United States v. Mun*, 2020 WL 3038082, at *2 (N.D. Tex. June 4, 2020) (Scholer, J.) (citing *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (Boyle, J.)). Further, Paris's medical concerns do not rise to the level of specific, compelling medical reasons that would warrant compassionate release at this time.

Moreover, Paris's general concerns about COVID-19, without more, are insufficient to invoke section 3582(c)(1)(A). *See Raia*, 954 F.3d at 597. The Court is aware of the COVID-19 pandemic and the risks the virus poses to inmates in detention facilities. However, the Court determines that Paris did not provide specific and compelling medical conditions that warrant compassionate release.

Nor is the Court persuaded that the applicable section 3553(a) factors would support Paris's request for compassionate release. The Court evaluates these factors as it did during sentencing. The Court evaluates the seriousness of Paris's offense and the length of time remaining on his sentence. Based on the record as a whole, the Court cannot now say that the section 3553(a) factors would support the relief Paris requests. *See Chambliss*, 948 F.3d 693 ("[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). Thus, the Court determines that Paris has not provided sufficient reasons supporting compassionate release, and the Court denies Paris's motion.

## CONCLUSION

Accordingly, the Court determines that Paris has not provided extraordinary and compelling reasons warranting compassionate release, so the Court denies Paris's motion.

Signed June 22, 2020.

_____
David C. Godbey
United States District Judge