IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> § <br> v. § <br> § <br> JOHNATHAN DANIEL PARIS (5) § <br> BOP #30268-076 § | Case No. 3:17-CR-00262-N(5) |

### **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Johnathan Daniel Paris's *pro se* motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) [252] and supplemental documents [249], [253], [265]. Because the Court determines that Paris has not provided extraordinary and compelling reasons warranting compassionate release, the Court denies Paris's motion.

### I. BACKGROUND REGARDING PARIS'S ORIGINAL SENTENCE

Paris was charged with and pled guilty to possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On May 14, 2018, the Court sentenced Paris to 188 months of imprisonment, 3 years of supervised release, and a $100 assessment. According to the Bureau of Prison's (the "BOP") inmate locator, Paris is currently 42 years old and presently confined within the BOP at the Forrest City Low FCI.[1] His projected release date is October 2030. Paris filed a motion for compassionate release on May 4, 2020. This Court denied that motion because Paris did

---

[1] The BOP's inmate locator website is available at https://www.bop.gov/inmateloc/ (last accessed Feb. 7, 2021).

MEMORANDUM OPINION AND ORDER – PAGE 1

not provide medical records, his medical concerns did not rise to the level of extraordinary and compelling reasons that would warrant compassionate release, and the applicable section 3553(a) factors did not support Paris's request. *See* Mem. Op. and Order [248].

## II. LEGAL STANDARD FOR COMPASSIONATE RELEASE

A district court has limited authority to modify a final criminal judgment. *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582, a court may modify a defendant's sentence upon motion of the Director of the BOP or upon motion of the defendant. 18 U.S.C. § 3582(c)(1)(A).

First, a prisoner must fully exhaust all administrative remedies, meaning a court can evaluate a motion after a defendant fully exhausts "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* Section 3582(c)(1)(A)'s exhaustion requirement is a "glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by the BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

After fully exhausting the defendant's administrative remedies and upon the defendant's motion, a court may modify the defendant's sentence after considering the factors set forth in 18 U.S.C. 3553(a), "if extraordinary and compelling reasons warrant such a reduction." *United States v. Chambliss*, 948 F.3d 692, 692–93 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

MEMORANDUM OPINION AND ORDER – PAGE 2

The policy statement applicable to compassionate release "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020). Extraordinary and compelling reasons include the "medical condition of the defendant," the "age of the defendant," and the defendant's "family circumstances." U.S.S.G. § 1B1.13 & cmt. n.1. The policy statement also includes a catch-all provision for when "there exists . . . an extraordinary and compelling reason other than, or in combination with," the other listed reasons. *Id.*

### III. THE COURT DENIES PARIS'S MOTION

The Court holds that Paris's motion fails to identify extraordinary and compelling reasons warranting release. Paris alleges that he suffers from asthma, chronic obstructive pulmonary disease ("COPD"), post-traumatic stress disorder ("PTSD"), hypertension, and bipolar disorder. He also mentions that he recently underwent surgery on his clavicle, and he needs surgery to correct a torn rotator cuff. *Id.* Paris further states that he suffers from mental health issues because in December 2018, he states his son-in-law murdered his daughter, and his child and his granddaughter were placed in state custody. *Id.*

First, the Court determines that Paris has fully exhausted his administrative remedies. On July 20, 2020, Paris submitted a request to the Warden regarding sentence reduction. The Warden failed to respond within 30 days. Thus, the Court determines that Paris has fully exhausted his administrative remedies. However, the Court denies Paris's motion for the reasons discussed in the Court's prior Memorandum Opinion and Order. *See* Mem. Op. and Order [248]. Although Paris has supplemented his motion with medical

records, the Court previously determined that Paris's medical concerns "do not rise to the level of specific, compelling medical reasons that would warrant compassionate release at this time."  *Id.* at 6.  Additionally, the Court could not locate any reference to asthma or COPD in Paris's medical records.  *See generally* Supplemental Docs [249], [253], [265].  While Paris does suffer from hypertension and various mental health issues, the BOP has prescribed him medication for both.  Moreover, the applicable section 3553(a) factors continue to weigh strongly against granting Paris compassionate release.  On May 2018, this Court sentenced Paris to 188 months of imprisonment.  Simply put, Paris has served less than one-third of his sentence.  Thus, the Court determines that Paris has not provided sufficient reasons supporting compassionate release, and the Court denies Paris's motion.

## CONCLUSION

The Court determines that Paris has not provided extraordinary and compelling reasons warranting compassionate release.  Accordingly, the Court denies Paris's motion.

Signed February 10, 2021.

David C. Godbey
United States District Judge